No. 114 February 20, 2025 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Conservatorship of Allen J. Wong,
Protected Person.

Sandra LUM,
an individual;
Macdonald & Associates, LLC; and Allen J. Wong,
*Respondents,*

*v.*

Suzanne F. LEE,
*Appellant.*

Clackamas County Circuit Court
20PR00918; A179358

Susie L. Norby, Judge.

Argued and submitted December 6, 2024.

Jeffrey S. Frasier argued the cause for appellant. Also on the opening brief was Chenoweth Law Group, PC. Also on the reply brief were Olivia A. Courogen and Buchalter.

David A. Anderson argued the cause for respondent Sandra Lum. Also on the brief were Jessie Y. Minger and Schwabe, Williamson & Wyatt, P.C.

No appearance for respondents Macdonald & Associates, LLC, and Allen J. Wong.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

ORTEGA, P. J.

Appeal dismissed as moot.

**ORTEGA, P. J.**

This is a proceeding involving a protected person, Wong, who is now deceased. Lee, who was Wong's wife, appeals from a limited judgment that appointed a conservator for Wong at the request of his daughter from his previous marriage, Lum, and that prohibited Lee from accessing assets she held jointly with Wong without conservator or court approval. Wong died during the pendency of this appeal, and the court entered judgments that approved the conservator's final accounting and discharged the conservator. Based on those events, Lum argues that the case is now moot. We conclude that the case is moot and dismiss the appeal.

The relevant facts are primarily procedural. This case began when Lee, who married Wong after his first wife's death, petitioned to be appointed his guardian when his health and mental capacity deteriorated. Court-appointed counsel for Wong objected, and the parties entered into a stipulated limited judgment that appointed a professional fiduciary as Wong's guardian. Based on a report by the fiduciary that raised concerns about changes to Wong's estate plan made after his decline, Wong's attorney moved to expand the fiduciary's authority. Wong's adult daughter, Lum, separately petitioned for the fiduciary to be appointed as Wong's conservator. Lee objected and counter-petitioned to have herself appointed as conservator.

Following an evidentiary hearing, the court entered a limited judgment that appointed the fiduciary as conservator and, among other things, authorized the conservator to conduct a full investigation of alterations to Wong's estate from the date of his marriage to Lee, "to take necessary action to rectify any improper interference with [Wong's] estate plan and asset ownership," and "to pursue litigation if deemed necessary to rectify misdirection or mismanagement of [Wong's] pre-marital estate and estate plan." The court also ordered that Lee was "prohibited from accessing assets jointly held with [Wong] without written permission of either the conservator or this court." Lee appeals from that limited judgment.

After Lee initiated this appeal, Wong died. While the appeal was pending, the fiduciary completed a final

accounting of Wong's estate and, in a final judgment, the court approved that accounting and directed the fiduciary to distribute the remaining conservatorship assets to the personal representative of Wong's estate, Lum. After the fiduciary distributed the assets, the court entered a supplemental judgment discharging the fiduciary, exonerating the fiduciary's bond, and closing the protective proceeding. Lum then moved to dismiss this appeal as moot.

We typically will not decide cases that have become moot. *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018). "[A] case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties." *Id.* (internal quotation marks omitted). The burden is on the party moving for dismissal to establish that the case is moot. *Id*. The responding party then "must identify any collateral consequences that he or she contends has the effect of producing the required practical effects of a judicial decision." *Id.* at 786. The moving party has the burden to demonstrate that the identified collateral consequence "either does not exist or is legally insufficient." *Id.* We must then "determine the existence and significance of those effects or consequences and *** decide, as a prudential matter, whether an appeal is moot." *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018).

Lum has met her initial burden to establish that this appeal is moot. The court approved the fiduciary's final accounting, the fiduciary delivered the conservatorship assets to the personal representative, and the court discharged the fiduciary as guardian and conservator and closed the protective proceeding. Any decision by us on Lee's appeal, which challenges the court's action in establishing the conservatorship and limiting Lee's access to jointly held assets, would have no practical effect on the rights of the parties because the conservatorship no longer exists, and the limitation on Lee has no further effect. What remains for us to address is whether Lee has identified a collateral consequence that prevents the appeal from being moot.

Lee argues that the case is not moot because there are ongoing disputes between the parties, specifically identifying a civil case in which Lum, as personal representative

of Wong's estate, seeks to recover, based on a claim of undue influence, assets that Lee held jointly with Wong. Lee asserts that the undue influence case relies on findings and rulings made in this proceeding, and that a decision on appeal will have a practical effect on the rights of the parties because Lum will continue to rely on the findings in this case.

Lum makes two arguments in response. First, she asserts that the collateral consequences doctrine does not apply to a case like this which does not involve state action affecting parties' interests. Second, even if the doctrine applies, Lum argues that Lee has not identified a collateral consequence sufficient to prevent the case from being moot because any effect the findings in this case has on the undue influence case does not rise to the level of the required "significant practical effect," as discussed in *A. B.* Lum points out that any findings for this case used in the civil case would be part of the evidence presented that Lee has the opportunity to rebut as part of her case.

We first reject Lum's assertion that the collateral consequences "doctrine" does not apply in this type of proceeding. The collateral consequences inquiry is not a doctrine separate from mootness; rather it is an integral part of our consideration of whether a case is moot. Oregon case law does not support the contention that the type of proceeding alters the analysis.

Turning to the identified collateral consequence, we conclude that it is not sufficient to prevent this appeal from becoming moot. Lee has not identified which findings of the court she claims are being used in the undue influence case or how they are being used beyond stating that Lum quoted portions of the *transcript* to obtain an initial temporary restraining order. Although Lee states that "[t]here is a risk of issue preclusion," she provides no other context. Lum, for her part, responds that the preliminary injunction she obtained in the undue influence case was not based on the court giving preclusive effect to any finding in this case, and we judicially note that the preliminary injunction order does not purport to rely on preclusive effect. Without more context from Lee, we are persuaded that Lum has shown that leaving this limited judgment intact would

not be "significantly disadvantageous" to Lee. *See A. B.*, 362 Or at 428 (in concluding that the juvenile dependency case was moot, the Supreme Court was persuaded that, "if the department considers allegations concerning mother in the future, the existence of the findings and judgment will not be significantly disadvantageous"). In addition, the limited judgment does not change the evidentiary or legal standards that Lum must meet to prove her undue influence claim—which is not a claim or issue decided by the limited judgment—and Lee will have the opportunity to present her own evidence to rebut Lum's case.

Even if Lee is correct that the potential use of the court's findings by Lum in a related proceeding can qualify as a collateral consequence, in the circumstances of this case, it is not a sufficient collateral consequence that prevents this appeal from becoming moot.

Appeal dismissed as moot.