474 January 7, 2026 No. 14

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WILLIAM SHEPLEY,
*Plaintiff-Respondent,*

*v.*

SUSANN THOENS,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV11070893; A181702

Michael C. Wetzel, Judge.

Argued and submitted December 5, 2025.

Kymber R. Lattin argued the cause for appellant. Also on the briefs were Paul H. Krueger and Paul Krueger Law Firm, PC.

Jonathan M. Radmacher argued the cause for respondent. Also on the brief was McEwen Gisvold, LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant, a former client of plaintiff, an attorney,[1] appeals from a general judgment in a breach of contract case entered after the trial court granted attorney's motion for summary judgment and dismissed client's counterclaim, raising two assignments of error. In client's first assignment of error, she contends that the trial court erred in ruling that attorney's promise to defer collecting his attorney fees until the resolution of defendant's case against her insurer did not amount to an enforceable contract. In client's second assignment of error, she argues that the trial court erred in ruling that her counterclaim, brought under the Oregon Unfair Debt Collection Practices Act (OUDCPA), failed as a matter of law. Reviewing for errors of law and stating the facts in the light most favorable to the nonmoving party, *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021), we conclude the trial court did not err, and thus affirm.

Plaintiff-attorney represented defendant, his former client, from 2008 to 2010 and helped her collect $50,000 after she was injured in a car crash. Despite attorney's services to client concluding over 15 years ago, client refused (and continues to refuse) to pay attorney his agreed-upon contingency fee. Client argues that attorney made a promise to defer payment until resolution of the case. The parties dispute whether there was sufficient consideration given for that promise to make it enforceable. We need not address that dispute in any detail, however, because in any event, the claim is now moot: Client's litigation against her insurer definitively resolved in 2022, meaning that the case is resolved and payment would now be due. *See Lum v. Lee*, 338 Or App 1, 3, 565 P3d 84 (2025) ("A case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties." (Brackets and internal quotation marks omitted.)).[2]

---

[1] For ease of reading, we refer to the parties as client and attorney.

[2] Although our disposition obviates the need to determine whether attorney's promise was supported by consideration, we also note that it does not appear that client gave *anything* of legal value in exchange for attorney's promise, and client conceded at oral argument that she did not have the power to force attorney to continue working for her indefinitely. *See Moyer v. Columbia State Bank*, 316 Or App

In her second assignment of error, client contends that the trial court erred in dismissing her counterclaim under the OUDCPA, ORS 646.639. Client brought her counterclaim under ORS 646.639(2)(k), (m), and (n). Those subsections prohibit debt collection practices when a debt collector attempts to enforce a nonexistent right or remedy, threatens to take any action that the debt collector does not take in the regular course of business, represents that the debt may increase with certain fees that are unlawful, or attempts to collect interest that exceeds the debt in the absence of an agreement or a law that allows that to occur. Client argued that attorney's conduct during the course of litigation, including somewhat harsh language towards client's new lawyer and a communication to client's insurer and client's lawyer in an effort to attempt to collect attorney's fee, constituted "abusive debt collection efforts."[3] We disagree. In general, conduct in the course of litigation, such as filing a lawsuit, communication between counsel, and related litigation activities, are not subject to the OUDCPA. *Daniel N. Gordon, PC v. Rosenblum*, 276 Or App 797, 819-21, 370 P3d 850 (2016), *aff'd*, 361 Or 352, 393 P3d 1122 (2017). The trial court did err in concluding, as a matter of law, that those activities did not rise to the level of "abusive debt collection" that the OUDCPA forbids.

Affirmed.

---

393, 505 P3d 26 (2021), *rev den*, 369 Or 705 (2022) ("Consideration is some right, interest, profit or benefit or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." (Internal quotation marks omitted.)).

In arguing otherwise, client contends that resolving the issue "will permit the parties to continue their efforts to determine who is responsible for breaching" the contingency fee agreement, and in the alternative, argues that the contingency fee agreement itself was unenforceable. Client never raised those defenses below and we decline to address those unpreserved arguments here. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) ("[A]n issue, to be raised and considered on appeal, ordinarily must first be presented to the trial court ***.").

[3] Defendant did not bring her counterclaim under ORS 646.639(2)(d), which expressly prohibits the use of "profane, obscene or abusive language in communicating with a debtor or the debtor's family."